IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00740-RMR-KAS

JACQUELINE DEQUEBEC,

    Plaintiff,

v.

IMPERIUM INSURANCE COMPANY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted** [#3] (the "Motion"). Plaintiff did not file a Response. The Motion [#3] has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *Order Referring Motion* [#14]. The Court has reviewed the Motion, the entire case file, and the applicable law. Based on the following, the Court **RECOMMENDS** that the Motion [#3] be **GRANTED in part** and **DENIED in part**.

### I.    Background

On the morning of October 31, 2023, Plaintiff Jacqueline DeQuebec slipped and fell in the parking lot of her employer, Energy Fuels Resources Corporation ("Energy

1

Fuels"). *Compl.* [#6] at 3 ¶ 8.[1] She sustained injuries to her lumbar spine, left rotator cuff, and left hand. *Id.* ¶ 10. Energy Fuels filed a workers' compensation claim on Plaintiff's behalf. *Id.* ¶ 11. Defendant Imperium Insurance Company was Energy Fuels' workers' compensation insurer. *Id.* at 10 ¶ 6.[2] Defendant filed a General Admission of Liability accepting liability for medical benefits related to Plaintiff's injuries. *Id.* at 3 ¶ 12. It denied liability for Temporary Total and Temporary Partial Disability benefits. *Id.* at 4 ¶ 13.

On December 20, 2023, Plaintiff requested a hearing on her workers' compensation claim to resolve disputes over, inter alia, her Temporary Total and Temporary Partial Disability benefits eligibility. *Id.* ¶ 14. On May 31, 2024, Plaintiff's Authorized Treatment Provider "took her off work entirely" due to her injuries. *Id.* ¶ 15. As a result, Plaintiff asserted that she was owed wage loss benefits from May 31, 2024, onward. *Id.* ¶ 16.

On August 14, 2024, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's claim for Temporary Total and Temporary Partial Disability benefits. *Id.* ¶ 19. During the hearing, Defendant admitted it was liable for Plaintiff's lost wages starting May 31, 2024. *Id.* ¶ 20. On October 8, 2024, the ALJ issued a Final Order directing Defendant to pay Plaintiff Temporary Total Disability benefits for the period from November 29, 2023,

---

[1] Plaintiff restarts paragraph numbering on page nine of her Complaint [#6]. To avoid confusion, in this Recommendation, the Court cites to page numbers as well as paragraph numbers. The page numbers refer to the numbering used by the court docketing system and not to the Complaint's original numbering.

[2] Plaintiff initially named Gallagher Bassett Services, Inc. ("Gallagher Bassett"), Energy Fuels' third-party administrator for its workers' compensation insurance policy, as a co-defendant. *Compl.* [#6] at 3 ¶ 4, 10 ¶ 6. Following Defendant Gallagher Bassett's Motion to Dismiss [#2], Plaintiff agreed to dismiss Gallagher Bassett. *Stipulation as to Dismissal* [#33].

to May 30, 2024. *Id.* at 5 ¶ 23. Defendant did not appeal the ruling but has not complied with the ALJ's Final Order. *Id.* at 5-6 ¶¶ 24-27, 29.

Plaintiff also alleges Defendant and former defendant Gallagher Bassett unreasonably delayed and denied medical treatment that was reasonable, necessary, and related to Plaintiff's work injuries. *Id.* at 8 ¶ 47. On or about April 15, 2024, Plaintiff's Authorized Treatment Provider referred her for rotator cuff repair surgery. *Id.* ¶ 48. Colorado law permits five days for an insurer to approve, deny, or pursue a Utilization Review by a Physician Advisor before making a final decision. *Id.* ¶ 50 (citing Rule 16-5(D) of the Colorado Rules of Workers' Compensation). Defendant pursued a Utilization Review but not until May 2, 2024, and then denied the surgery on May 8, 2024. *Id.* at 9 ¶¶ 52-53. In February 2024, Plaintiff's orthopedist requested approval for platelet-rich-plasma injections in her spine to treat her lower back injuries. *Id.* ¶ 54. Defendant approved the treatment in August 2024 but failed to communicate that approval to Plaintiff until October 2024 and failed to provide approval to her medical provider until November 2024. *Id.* ¶¶ 55-56.

In this action, Plaintiff asserts claims for breach of contract and bad faith breach of insurance contract. *Id.* at 9-12, ¶¶ 1-18. In the Motion [#3], Defendant contends the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim because Colorado's Workers' Compensation Act (the "Act") provides Plaintiff's exclusive remedy. *Motion* [#3] at 3-5. Defendant further argues Plaintiff has failed to sufficiently allege her bad faith claim because she failed to plead facts demonstrating there was not a reasonable basis for Defendant's claims handling decisions. *Id.* at 6. Finally, it contends

Plaintiff has failed to plead facts alleging unlawful action by Defendant specifically. *Id.* at 7-8.[3]

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)[4]

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption

---

[3] While Defendant's Motion to Dismiss remained pending, it filed an Answer to Plaintiff's Complaint. Answer [#37]. The filing of Defendant's Answer did not moot the current Motion. *See Martin v. United States*, No. 23-2758 (TJK), 2025 WL 304797, at *3 n.3 (D.D.C. Jan. 27, 2025) (noting that Federal Rule of Civil Procedure 12 precludes a defendant from filing a motion to dismiss once he has already filed an answer, but that rule does not apply in reverse, finding the defendant's answer did not moot his previously filed motion to dismiss); *Harvest Small Bus. Fin. v. Mitnick*, No. 8:24-cv-00032-MRA-DFM, 2025 WL 819069, at *2 n.1 (C.D. Cal. Jan. 24, 2025) ("[T]he filing of an answer does not moot a motion under Federal Rule of Civil Procedure 12(b)(6).").

[4] Although Defendant only references Federal Rule of Civil Procedure 12(b)(6) as the basis for its Motion to Dismiss, *see* [#3] at 2, 3, an assertion that the Act provides the exclusive remedy for Plaintiff's breach of contract claim implicates the Court's subject matter jurisdiction over the claim. *See Arthur v. Liberty Mut. Fire Ins. Co.*, No. 05CV00680WYDBNB, 2005 WL 3078842, at *1 (D. Colo. Nov. 16, 2005) (analyzing under Rule 12(b)(1) the defendant's challenge to a breach of contract claim based on the exclusivity provisions of the Act).

4

against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507. Here, Defendant's argument that the Act provides Plaintiff's exclusive remedies is a facial attack on Plaintiff's Complaint. *See Arthur*, 2005 WL 3078842, at *1 (accepting the plaintiff's allegations as true in considering the defendant's Rule 12(b)(1) challenge to a breach of contract claim based on the exclusivity provisions of the Act).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their

5

veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III.   Analysis

**A.   Breach of Contract (Claim One)**

The first claim is based on Plaintiff's assertion that Defendant breached its contract to provide workers' compensation benefits to Energy Fuels employees. *Compl.* [#6] at 9-11 ¶¶ 1-11. Plaintiff asserts that by failing to comply with the ALJ's Final Order, to pay Plaintiff her full Temporary Total Disability benefits, and to timely approve or deny her medical providers' requests for treatment, Defendant breached the terms of its insurance contract. *Id.* at 11 ¶ 10. Defendant argues the Act provides exclusive remedies for any claims arising from Plaintiff's work-related injuries and therefore this claim must be dismissed. *Motion* [#3] at 3-4.

6

Under Colorado law, an employee surrenders the right to claim damages from the employer for personal injuries arising out of and in the course of employment, except for the remedies granted by the Act. COLO. REV. STAT. § 8-41-104; *see also* § 8-41-102 (explaining employer is not subject to any other liability except as provided in the Act). The Act is based on "a mutual renunciation of common law rights and defenses by employers and employees alike" is well established. COLO. REV. STAT. § 8-40-102. It provides that, except for the remedies provided in the Act, an employer shall not "be subject to any other liability for the death of or personal injury to any employee." COLO. REV. STAT. § 8-41-102. Consequently, "all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies . . . are abolished except as provided in [the Act]." *Id.* The Act also requires that employees surrender their rights "to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries or death of such employee." COLO. REV STAT. § 8-41-104. This statutory scheme establishes that the Act provides a "comprehensive and exclusive remedy" for claims related to employee injuries. *McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42, 44 (Colo. App. 1998); *but see Klabon v. Travelers Prop. Cas. Co. of Am.*, 556 P.3d 793, 797, 805 (Colo. 2024) (holding that § 8-41-102 does not bar an employee who is injured by an uninsured/underinsured third-party tortfeasor to recover damages against their employer's uninsured/underinsured insurance carrier). Based on these provisions, the Colorado Court of Appeals has concluded that a plaintiff may not avoid the Act's "exclusivity provisions merely by framing [her] claim as one for breach of contract." *McKelvy*, 983 P.2d at 43.

Plaintiff does not dispute that the Act covers her injuries. Rather, she asserts that Defendant wrongfully refused to pay her Temporary Total Disability benefits and to timely approve or deny her medical providers' requests for treatment, as required under the Act. Thus, Plaintiff's damages fall "squarely within the remedies provided under the Act." *Id.* Although Plaintiff is entitled to challenge the administration of her claim, the Act provides her exclusive remedies, and she cannot bring a separate breach of contract claim. *See Wright v. Liberty Mut. Fire Ins. Co.*, No. 06-cv-00351-WYD-PAC, 2006 WL 2374786, at *2 (D. Colo. Aug. 15, 2006) ("It is clear from *McKelvy* that the claim for breach of the terms of a workers' compensation insurance policy is not a claim which this Court has jurisdiction to consider."); *Arthur*, 2005 WL 3078842, at *2 ("Colorado law makes clear that if covered by the Act, one may not seek damages based on the theory of breach of contract for unpaid or late disability and medical benefits because the Act's exclusivity provision provides the exclusive remedy."). Accordingly, the Court lacks jurisdiction over Plaintiff's breach of contract claim and it should be dismissed.

**B.     Bad Faith Breach of Insurance Contract (Claim Two)**

Defendant next argues Plaintiff failed to plead sufficient facts to support her bad faith breach of insurance contract claim. *Motion* [#3] at 5-6. It also contends that because Plaintiff's allegations described Defendant's and former defendant Gallagher Bassett's actions collectively, the Complaint fails to sufficiently plead that this Defendant knowingly participated in an unreasonable denial of policy benefits. *Id.* at 7-8. The Court disagrees.

At the outset, the Court notes that the Act's exclusivity provisions do not extend to bad faith and fair dealing claims. *See Wright*, 2006 WL 2374786, at *2 ("The Colorado Supreme Court has held that the . . . Act 'does not abrogate the common law tort of bad

8

faith breach of insurance contract.'" (quoting *Vaughan v. McMinn*, 945 P.2d 404, 406 (Colo. 1997)); *cf. Colo. Comp. Ins. Auth. v. Baker*, 955 P.2d 86, 89 (Colo. App. 1998) (noting Colorado Supreme Court's determination that "injuries from the intentional mishandling of a claim do not arise out of and in the course of employment").

In the Complaint, Plaintiff distinguishes between Defendant and Gallagher Bassett. She explains that Defendant was the workers' compensation insurer and Gallagher Bassett was merely the third-party administrator. *Compl.* [#6] at 10 ¶ 6. Plaintiff states that as the insurer, Defendant was responsible for adjusting the claims of intended beneficiaries of the workers' compensation contract between Defendant and Energy Fuels. *Id.* Plaintiff bases her second claim against Defendant on its failure to properly and lawfully fulfill its obligations under Energy Fuels' policy in processing Plaintiff's workers' compensation benefits.

"Under Colorado law, 'every contract contains an implied duty of good faith and fair dealing.'" *Drake v. Amerisure Partners Ins. Co.*, No. 23-cv-01916-PAB-TPO, 2025 WL 2410284, at *4 (D. Colo. Aug. 20, 2025) (quoting *Univ. of Denver v. Doe*, 547 P.3d 1129, 1140 (Colo. 2024)). Further, "[i]nsurers 'have common law duties to deal in good faith with their insureds.'" *Id.* at *5 (quoting *Stewart v. Am. Fam. Mut. Ins. Co., S.I.*, 744 F. Supp. 3d 1198, 1202 (D. Colo. 2024)). "[T]he duty of good faith derives from the relationship of an insured claimant to the provider of benefits." *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1268 (Colo. 1985). It "precedes official intervention and permeates all of the dealings between the parties." *Id.*

To establish bad faith breach of an insurance contract, a plaintiff must show that the insurer's failure to pay "was unreasonable and bad faith conduct." *Williams v. Auto-*

9

*Owners Ins. Co.*, No. 12-cv-00999-MSK-CBS, 2014 WL 12537030, at *4 (D. Colo. Mar. 25, 2014), *aff'd*, 621 F. App'x 914 (10th Cir. 2015). The determination is based on "whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim." *Drake*, 2025 WL 2410284, at *5. "In Colorado, acting 'without a reasonable basis' has been construed to mean pursuing a groundless position that is not supported by credible evidence." *Id.* (quoting *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 878 (D. Colo. 2023)).

Defendant argues that "[m]ere denial of a claim is not evidence of bad faith." *Motion* [#3] at 7. Plaintiff alleged more than just mere denial. Defendant was subject to a duty of good faith throughout Plaintiff's workers' compensation process. *Savio*, 706 P.2d at 1268. Defendant allegedly failed to comply with the Act's timeliness requirements in approving or denying a surgery referral. *Compl.* [#6] at 8-9 ¶¶ 48-53. Similarly, Defendant allegedly failed to communicate approval of additional recommended treatment for two to three months. *Id.* at 9 ¶¶ 54-56. Finally, Plaintiff alleges that a reasonable insurer subject to an ALJ's Final Order, which the insurer did not appeal, would not refuse to comply with its directives. *Id.* at 5-6 ¶¶ 22-27, 29. Moreover, Plaintiff specifically alleged these examples represent Defendant's standard business practice allowing it to save and earn interest on money it has wrongfully withheld. *Id.* at 7 ¶¶ 40-41.

At this stage of the proceedings, Plaintiff has sufficiently alleged that there is not a reasonable, good faith basis for Defendant's failure to fulfill its obligations under the insurance contract. Plaintiff's Complaint surpasses the threshold requirement that it "contain enough allegations of fact to state a claim to relief that is plausible on its face." *Robbins v. State of Okla. ex rel. Dep't of Hum. Servs.*, 519 F.3d 1242, 1247 (10th Cir.

2008) (internal quotation marks omitted). Accordingly, Defendant's request for dismissal of Plaintiff's bad faith breach of insurance contract claim should be denied.

### IV.    Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#3] be **GRANTED in part and DENIED in part**.

IT IS FURTHER **RECOMMENDED** that the Motion [#3] be **GRANTED** regarding Plaintiff's **breach of contract claim**, that claim **be dismissed without prejudice**[5], and judgment enter in favor of Defendant on that claim.

IT IS FURTHER **RECOMMENDED** that the Motion [#3] be **DENIED** regarding Plaintiff's **bad faith breach of contract claim**.

IT IS FURTHER **ORDERED** that pursuant to Federal Rule of Civil Procedure 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Federal Rule of Civil Procedure 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue

---

[5] *See Snider v. McNulty*, No. 24-cv-01052-LTB-RTG, 2024 WL 6816905, at *1 (D. Colo. Nov. 1, 2024) (dismissing without prejudice claims where court lacked subject matter jurisdiction).

11

for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

Dated: November 20, 2025          BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge